**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CR-10-235-D-3 |
| ) | |
| TRINA TAHIR, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TRINA TAHIR'S
OBJECTIONS TO SECOND REVISED
PRESENTENCE INVESTIGATION REPORT
PREPARED DECEMBER 20, 2013**

COMES NOW the defendant, Trina Tahir ("Ms. Tahir") by and through her attorney Bill Zuhdi, and submits the following objections to the second revised Presentence Investigation Report prepared December 20, 2013 [Doc. No. 292]. Ms. Tahir also maintains her objections to the original presentence investigation report prepared July 28, 2011 and revised and addendum attached dated October 18, 2011 [Doc. No. 189].

**Objections to the Second Revised Report**

1. Objection to paragraph 63 Adjustment for obstruction of justice and objection to ¶63a. that it appears Ms. Tahir willfully obstructed or impeded or attempted to obstruct or impeded the administration of justice with respect to sentencing.  Ms. Tahir submits she did not willfully obstruct or impede or attempt to obstruct or impede the administration of justice.

USSG §3C1.1 *Commentary Application Notes* 2. *Limitations on Applicability of Adjustment* provides that a denial of guilt or a refusal to admit guilt or a refusal to enter a plea of guilty is not a basis for application of this provision. Application Note 2. does not harness the denial of guilt or the refusal of guilt with a time frame, only that they are *"not a basis for application of this provision."* USSG §3C1.1 *Commentary Application Notes* 2.

The enhancement for obstruction of justice is based upon Ms. Tahir's exercise of a constitutional right, her denial of guilt and her refusal to admit guilt. Ms. Tahir also objects to the factual allegations in paragraphs 63 and 63a., that she was malingering or exaggerating symptoms for secondary gain, that her requests to withdraw her plea were not caused by her mental confusion or coercion by her counsel, and that it appears she willfully obstructed the administration of justice with respect to sentencing.

2. Objection to ¶ 64, Adjustment for Acceptance of Responsibility. Ms. Tahir objects to an acceptance of responsibility adjustment not being deemed appropriate.

Ms. Tahir was denied her motion to withdraw plea of guilty and as a result faces the consequences of her change of plea to guilty. Acceptance of responsibility was found applicable to Ms. Tahir in the initial presentence investigation report. ¶74, Presentence Investigation Report prepared July 28, 2011. Since Ms. Tahir faces the consequences of her change of plea, she should also receive all the factors encompassed in the consequences, including the benefit of not putting the government of its burden of proof at trial. USSG §3E1.1. By Ms. Tahir's motion to withdraw her plea of guilty and subsequent denial of the

motion, the government did not have to prepare for trial and try the case as a result of the court's denial of the motion.

The government not being put to its burden of proof at trial was not attributable to Ms. Tahir since she moved the court to allow her to withdraw her plea, but the result was the same as if Ms. Tahir had persisted in her initial plea of guilty in that the government was not put to its burden at trial.

At the hearing on the motion to withdraw plea of guilty Ms. Tahir did not testify so as to not trigger any obstruction of justice adjustment based upon perjury. Ms. Tahir submits maintaining her innocence does not constitute obstruction of justice. The maintaining of her innocence and her desire to withdraw her plea of guilty based upon her belief she is innocent (also coercion and overmedication and related medical issues) should also not, she respectfully submits, be a basis to removal of the acceptance of responsibility downward adjustment.

3. Objection to paragraph 72 Adjustment for Obstruction of Justice.

4. Objection to Adjusted Offense Levels in paragraphs 73 and 75, and objection to Total Offense Level in paragraph 77.

5. Objection to paragraph 108 to the total offense level of 26.

6. Objection to ¶ 118 restitution in the amount of $553,392.07 in that the banks and financial institutions are not victims as defined in 18 U.S.C. § 3663A, notwithstanding

the plea agreement and cite to 18 U.S.C. §§ 3663(a)(3) and 3663A. ¶4 of the Plea Agreement [Doc. No. 93].

7. Part E, paragraph no. 120, factors that may warrant a departure, and Part F, paragraph 121, factors that may warrant a sentence outside of the advisory guideline system, will be offered in a sentencing memorandum, as well as case law and argument in support of the objections. Ms. Tahir, by way of separate filing, will be submitting a sentencing memorandum to respectfully offer assistance to the Court in the exercise of the Court's discretion in imposing a sentence upon her.

**Objections to presentence investigation report prepared July 28, 2011**

8. Ms. Tahir maintains her objections to the original presentence investigation report prepared July 28, 2011 and revised and addendum attached dated October 18, 2011 [Doc. No. 189], and adds that she has additional objections to the loss amounts and restitution in the following paragraphs:

¶26 loss amount of $126, 109.24

¶32 loss amount of $110,235.56

¶39 loss amount of $60,663.87

¶43 loss amount of $38, 061.88

¶48 loss amount of $42,455.99

¶53 loss amount of $85,707.75

¶57 loss amount of $90,157.78

¶58 and the losses contained therein and the total loss of $553,392.07

¶118 restitution in the amount of $553,392.07

The additional objections are that regarding Ms. Tahir, any losses that resulted from the offense were not reasonably foreseeable pecuniary harm to her, and that Ms. Tahir did not know and under the circumstances reasonably could not have known that the losses were a potential result of the offense. USSG § 2B1.1 *Commentary, Application Note 3.(A)(i) and (iv).* Restitution should not be ordered since any losses were not reasonably foreseeable to Ms. Tahir and under the circumstances she could not have not known the losses were a potential result of the offense.

          Respectfully submitted,

          s/ Bill Zuhdi
          Bill Zuhdi, OBA #10013
          Bill Zuhdi Attorney at Law, P.C.
          P.O. Box 1077
          Oklahoma City, OK 73101
          (405)232-1400 (office)
          (405)755-9686 (facsimile)
          Zlawoffice@aol.com (e-mail)

Certificate of Service

I hereby certify that on January 13, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

AUSA Scott Williams via scott.e.williams@usdoj.gov
AUSA Chris Stephens via chris.stephens@usdoj.gov
Sean Bernhard via email: sean_Bernhard@okwp.uscourts.gov

          s/Bill Zuhdi
          Bill Zuhdi